**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 18-cv-02917-CMA-MEH

EVERETT STEELE BOWLES,

Plaintiff,

v.

GREGG FILSINGER, JR., and
COREY RICHARDS,

Defendants.

---

# ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

---

This matter is before the Court on Defendants Gregg Filsinger, Jr. and Corey Richards' ("Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 9) For Failure to State a Claim Upon Which Relief May Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 23.) This Motion has been fully briefed. (Doc. ## 28, 29, 30.) Having reviewed the briefing, pertinent record, and applicable law, and for the following reasons, the Court finds that Defendants are entitled to qualified immunity and grants the Motion.

## I. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiff Everett Steele Bowles alleges that he previously requested assistance from the Estes Park Police Department ("EPPD") regarding how to handle situations

involving a woman by the name of “Ms. Debey.” (Doc. # 9 at 4.) Those situations concerned incidents where Ms. Debey was “drunk and violent.” (*Id.*)

Plaintiff further alleges that, on November 14, 2016, the EPPD, including Defendants Filsinger and Richards, visited Plaintiff’s home. (*Id.*) Although Plaintiff’s allegations are vague and often incoherent, the Court gleans that the following situation allegedly occurred. Despite allegedly knowing that Ms. Debey posed a “threat,” Defendant Filsinger “allowed Ms. Debey to admit to [] [and] commit crimes,” and then turned over the minor infant “MAB” (the “minor”) to the custody of Ms. Debey who [admitted] to being on probation as well as intoxicated.” (*Id.*) Even though Plaintiff allegedly informed Defendants that Ms. Debey “broke her probation and bond by drinking,” he alleges that Defendants failed to protect the minor from harm by permitting Ms. Debey to hold custody of the minor. (*Id.*)

Notwithstanding that Plaintiff fails to allege how he was arrested, at some unspecified point in time, Plaintiff was within the custody of the EPPD. (*Id.*) While in custody, Plaintiff alleges that the situation involving the minor and Defendant Filsinger’s comments about that situation caused Plaintiff to attempt suicide. (*Id.*) Specifically, Plaintiff alleges that Defendants Richards and Filsinger “allowed [Plaintiff] to be isolated” and upon such isolation, Plaintiff “began hitting his head on the block concrete and bolt[,] eventually causing permanent damage to his skull and brain.” (*Id.*) The Defendants allegedly “failed to adequately respond, or do anything during [Plaintiff’s] suicide attempt” while he was in their care and he “had a history of anxiety [and]

depression." (*Id.*) Thereafter, Plaintiff alleges that he requested medical aid due to "this situation making him attempt suicide in the jail." (*Id.*)

**B. PROCEDURAL HISTORY**

On November 13, 2018, Plaintiff filed his Complaint and asserted various civil rights claims arising out of the situation involving the minor and his detainment. (Doc. # 1.) On November 19, 2018, Magistrate Judge Gordon P. Gallagher issued an Order requiring Plaintiff to file an amended complaint to address several deficiencies with his previously filed Complaint, including violations of Federal Rule of Civil Procedure 8 (Doc. # 4.) On December 18, 2018, Plaintiff filed his Amended Complaint and asserted a claim for police misconduct under 42 U.S.C. § 1983 and an Americans with Disabilities Act claim relating to his detainment and the situation involving the minor. (Doc. # 5 at 4–5.) On January 18, 2019, Magistrate Judge Gallagher issued **another** Order requiring Plaintiff to file another amended complaint due to Plaintiff's **repeated** failure to abide by Rule 8. (Doc. # 6 at 2.) The Magistrate Judge thoroughly explained the contours of the defects in Plaintiff's Amended Complaint and how Plaintiff should amend his pleading. (*Id.* at 2–11.)

On February 19, 2019, Plaintiff filed the present version of his complaint—the Second Amended Complaint (Doc. # 9). He asserted two claims—one alleging that the EPPD created a dangerous situation causing harm and another under "HR 1680-114th." (*Id.*) Additionally, in his request for relief, Plaintiff sought one million dollars in damages and injunctive relief in the form of changing EPPD's policy regarding bodycam footage, at risk adults, and prevention of self-harm. (*Id.* at 4–6.) United States District Court

Judge Lewis T. Babcock issued an Order dismissing in part Plaintiff's Second Amended Complaint and ordering that the case be drawn to a presiding district court judge. (Doc. # 10.) Because Plaintiff was not represented by an attorney, Judge Babcock liberally construed Plaintiff's Second Amended Complaint and discerned three possible claims: (1) failure to protect with regard to a minor; (2) liability of the Estates Park Police Department; and (3) deliberate indifference by the individual officers to Plaintiff's safety while in police custody. (*Id.* at 2.)

Judge Babcock dismissed the first claim because Plaintiff is not permitted to represent a minor child without assistance of counsel. (*Id.* at 2–3.) He dismissed the second claim because Plaintiff failed to allege that an EPPD policy or custom existed and that there was a direct causal link between the EPPD policy or custom and the injury alleged. (*Id.* at 3.) However, Judge Babcock declined to summarily dismiss Plaintiff's third claim for deliberate indifference in violation of the Fourteenth Amendment and likewise permitted his related claims for money damages and injunctive relief against the present Defendants to proceed. (*Id.* at 4) (citing *Estate of Olivas By & Through Miranda v. City & Cty. of Denver*, 929 F. Supp. 1329, 1337 (D. Colo. 1996)).

Thus, on April 2, 2019, this case was randomly assigned to Magistrate Judge Michael E. Hegarty. (Doc. # 10.) Because all parties did not consent to the jurisdiction of Magistrate Judge Hegarty, this case was reassigned to the Court on June 5, 2019. (Doc. # 22.) On June 5, 2019, Defendants moved to dismiss Plaintiff's Second Amended Complaint on the grounds of qualified immunity and for failure to state a claim under Rule 12(b)(6). (Doc. # 23.) At a Scheduling Conference held on June 11, 2019,

Magistrate Judge Hegarty ordered Plaintiff to file a response to the Motion to Dismiss on or before July 1, 2019. (Doc. # 27.) Plaintiff failed to do so. Upon that failure, Defendants filed a Reply in Support of their Motion to Dismiss and requested dismissal with prejudice because of Plaintiff's failure to obey court orders and prosecute this case. (Doc. # 28 at 6–7.) Plaintiff then responded on July 22, 2019 (Doc. # 29), to which Defendants replied (Doc. # 30).

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted). This pleading standard ensures "that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an adequate defense" and avoids "ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

Plaintiff is proceeding *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro

se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall,* 935 F.2d at 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## III. ANALYSIS

Defendants first argue that Plaintiff's Second Amended Complaint contains indecipherable allegations that do not provide fair notice of the basis of the claims asserted so that Defendants may respond. (Doc. # 23 at 4–5.) As such, Defendants request that this Court dismiss Plaintiff's Second Amended Complaint under Rule 8(a)(1)–(3) because he failed to "provide a coherent set of facts that may be applied to any theory of law." (*Id.* at 5.) However, Judge Babcock determined that Plaintiff's allegations seemingly set forth a claim for "deliberate indifference to his safety while in police custody in violation of the Fourteenth Amendment." (Doc. # 10 at 4). Although Plaintiff's Second Amended Complaint contains mostly "prolix, vague, and unintelligible" allegations insufficient to set forth any type of claim for relief, the Court agrees with

Judge Babcock that, liberally construing these allegations in a light most favorable to Plaintiff, the allegations may set forth a deliberate indifference claim. (*Id.*)

Defendants next assert that they are entitled to qualified immunity because Plaintiff's Second Amended Complaint fails to set forth allegations showing that Defendants' conduct amounts to a constitutional violation. (Doc. # 23 at 5–6.) To this end, Defendants argue that Plaintiff's Second Amended Complaint is devoid of factual allegations necessary to establish a plausible deliberate indifference claim. (*Id.* at 6–10.) Therefore, a closer look at the sufficiency of the allegations for this claim is warranted.

**A. QUALIFIED IMMUNITY**

To resolve a Defendant's claim of qualified immunity, this Court must decide, pursuant to Rule 12(b)(6), whether the facts Plaintiff has alleged make out a violation of a clearly establish constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "To 'nudge their claims across the line from conceivable to plausible,' [] in this context, plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (quoting *Twombly* 550 U.S. at 570). Indeed, "[q]ualified immunity attaches when the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v.*

*Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks and alteration omitted). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).[1] "[C]learly established law" is not defined "at a high level of generality." *Id.* at 742. The dispositive question is "whether the violative nature of particular conduct is clearly established." *Id*. "In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." *Kisela*, 138 S. Ct. at 1152 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

Defendants at least agree that Plaintiff's Second Amended Complaint implicates a deliberate indifference claim embedded in the Eighth Amendment. (Doc. # 23 at 6–8.) Thus, the Court reviews precedent governing deliberate indifference claims to determine whether Plaintiff has sufficiently alleged a violation of a constitutional right.

## B. DELIBERATE INDIFFERENCE

Because Plaintiff's alleged claim for deliberate indifference arises from his suicide attempt, this claim is considered as one "based on the failure of jail officials to provide medical care for those in their custody." *Barrie v. Grand County, Utah*, 119 F.3d 862, 866 (10th Cir. 1997). Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Redmond v. Crowther*, 882 F.3d 927, 939 (10th Cir. 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such a claim

[1] Existing precedent may include Supreme Court or Tenth Circuit case law that exists "on point" or if the 'clearly established weight of authority from other circuits' found a constitutional violation from similar actions.'" *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004) (quoting *Murrell v. School Dist. No. 1,* 186 F.3d 1238, 1251 (10th Cir. 1999)).

involves objective and subjective components. *Redmond*, 882 F.3d at 939; *Self v. Crum*, 439 F.3d 1227, 1230–31 (10th Cir. 2006).

The objective component requires showing that the alleged injury is "sufficiently serious." *Crum*, 439 F.3d at 1230. For example, a "lifelong handicap, permanent loss, or considerable pain" may satisfy the substantial harm requirement. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Under the subjective component, a plaintiff must establish that the defendant had a "sufficiently culpable state of mind." *Crum*, 439 F.3d at 1230–31; *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In describing that state of mind, the Supreme Court made clear that a prison official cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *Farmer*, 511 U.S. at 837. The subjective component is akin to "recklessness in the criminal law," where, to act recklessly, a "person must 'consciously disregard' a substantial risk of serious harm." *Id.*; *Farmer*, 511 U.S. at 837, 839 (quoting Model Penal Code § 2.02(2)(e)).

In the context of a jail suicide or an attempted suicide, the plaintiff must show: (1) actual knowledge of the specific risk of harm or that the risk was so substantial or pervasive that the knowledge can be inferred; (2) failure to take reasonable measures to avert the harm; and (3) that failure to take measures in light of the knowledge, actual or inferred, justifies liability for the attendant consequences of the conduct, even though unintended. *Estate of Hocker by Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994) (affirming summary judgment on plaintiff's deliberate indifference claim where "no facts

suggest that the Detention Center staff had knowledge of the specific risk that [plaintiff] would commit suicide"). Specifically, the particularized state of mind is "actual knowledge by a prison official of an individual inmate's substantial risk of suicide." *Cox v. Glanz*, 800 F.3d 1231, 1249 (10th Cir. 2015).

## C. APPLICATION

Defendants are entitled to qualified immunity because Plaintiff's Second Amended Complaint fails to set forth a plausible deliberate indifference claim. As an initial matter, accepting Plaintiff's allegations as true and drawing all inferences therefrom in favor of Plaintiff, the objective component of his deliberate indifference claim is satisfied. "The objective component of the test is met if the harm suffered was sufficiently serious." *Gaston v. Ploeger*, 229 F. App'x 702, 710 (10th Cir. 2007). The Tenth Circuit has held that "suicide satisfies this requirement." *Id.* The Court finds no reason why an attempted suicide does not also satisfy this requirement—especially where Plaintiff alleges that he has suffered permanent damage to his skull and brain. (Doc. # 9 at 4); *Mata*, 427 F.3d at 751 (permanent loss satisfies substantial harm requirement). Thus, the objective component is met.

However, turning to the subjective component of the deliberate indifference claim, Plaintiff's Second Amended Complaint contains no allegations that either Defendant had knowledge that Plaintiff would attempt suicide. Although Plaintiff alleges that he has a "history of anxiety [and] depression," Plaintiff fails to allege that Defendants had knowledge of such conditions. (Doc. # 9 at 4.) Assuming *arguendo* that Defendants possessed such knowledge, that knowledge alone is insufficient to establish

that Defendants had actual knowledge of Plaintiff's substantial risk of suicide. Indeed, an official's knowledge of characteristics related tangentially to a suicide risk, such as intoxication or a mental health issue, is insufficient to establish the official's subjective state of mind necessary to establish a deliberate indifference claim. *Estate of Hocker*, 22 F.3d at 1000 (knowledge that plaintiff was intoxicated and incoherent did not by itself give detention center staff knowledge that defendant posed a specific risk of suicide); *Vega v. Davis*, 572 F. App'x 611, 618–19 (10th Cir. 2014) (reversing district court's denial of motion to dismiss deliberate indifference claim of plaintiff where warden's possible knowledge that plaintiff had mental illness that was untreated was insufficient to establish subjective knowledge of suicide risk).

Instead, Plaintiff is required to allege facts, which if accepted as true, show that Defendants must have subjectively disregarded the risk of plaintiff's claimed harm—a suicide attempt. *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (knowledge of risks of intoxication was not sufficient to establish subjective disregard of plaintiff's risk of death and heart attack). Nothing in the facts alleged, even when taken as true, gives rise to the inference that Defendants knew that Plaintiff was suicidal. To the contrary, Plaintiff alleges that it was Defendants' handling of a situation involving a minor and Defendant Filsinger's comments about that situation that "caused" Plaintiff to attempt to commit suicide. (Doc. # 9 at 4.) Indeed, Plaintiff cannot impute his belief that Defendants' role in the minor situation caused him to attempt suicide onto Defendants' state of mind. That Plaintiff expects Defendants to know what he was thinking is not a

sufficient factual allegation showing that Defendants consciously disregarded Plaintiff's suicidal risk.

Moreover, Plaintiff's attempt to fill the gaps of requisite factual allegations by alluding to "bodycam footage" is unavailing. He argues that this "bodycam footage" reveals "the state of [P]laintiff" when Defendants took "no action" to "provide assistance in preventing" Plaintiff's attempted suicide and shows that Defendants "encouraged the attempted suicide by their actions." (Doc. # 29 at 1.) Yet, nowhere in Plaintiff's Second Amended Complaint does he mention how bodycam footage supports his claim. As required by *Iqbal*, this Court must disregard conclusory statements, such as Plaintiff's allegation that "there is missing footage from the incident." (Doc. # 9 at 5); 556 U.S. at 678–81. Furthermore, the use of "incident" is vague and might reference the minor situation, which is distinct from the attempted suicide. Because Plaintiff fails to identify specific bodycam footage upon which he relies to support his deliberate indifference claim and the Second Amended Complaint contains no description of what the bodycam footage will depict, the Court cannot properly consider this outside video evidence referenced in Plaintiff's response (Doc. # 29) in evaluating the sufficiency of Plaintiff's Second Amended Complaint. *See Estate of Valverde v. Dodge et. al.*, No. 16-cv-01703-MSK-MEH, 2017 WL 1862283, at *3 (D. Colo. May 9, 2017) (declining to consider video evidence outside of the amended complaint in ruling on motion to dismiss because plaintiff did not attach to or reference the video in the amended complaint).

In short, Plaintiff has failed to state a claim that would allow a reasonable inference that Defendants were deliberately indifferent to Plaintiff's suicide risk.

Because Plaintiff's Second Amended Complaint has failed to establish a violation of a clearly established constitutional right, i.e., deliberate indifference under the Eighth Amendment, Defendants are entitled to qualified immunity. Given that qualified immunity insulates Defendants from liability, Plaintiff's related claims for money damages and injunctive relief likewise fail. Accordingly, Plaintiff's Complaint must be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS as follows:

1. Defendants Gregg Filsinger, Jr. and Corey Richards' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 23) is GRANTED.

2. Plaintiff's action is DISMISSED WITH PREJUDICE.[2]

3. Final judgment shall be entered in favor of Defendants and against Plaintiff.

DATED: January 7, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

[2] Magistrate Judge Gallagher provided Plaintiff with multiple opportunities to amend his Complaint. *See* (Doc. ## 4, 7). As such, affording Plaintiff with another opportunity to amend his Complaint is futile. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).